BRINAGAR'S AD'R
*vs*
PHILLIPS, &c.

*Lands devised may be subjected by the Chancellor to the payment of the debts of the testator, in the hands of any holder without consideration.*

---

# Brinagar's Administrator *vs* Phillips, &c.

ERROR TO THE LOUISVILLE CHANCERY COURT.

### *Principal and Surety.*

JUDGE MARSHALL delivered the Opinion of the Court.

CHANCERY.

Case 87.

May 13.

THE principal question presented in this case, and that upon which a reversal or affirmance of the decree ex-

*Question stated.*

clusively depends is, whether a surety is released by an indulgence granted to the principal debtor upon an agreement or rather a mere verbal assent to give indulgence for a specified time, at the request of the principal, without any consideration real or apparent, without any new security taken, or even contemplated, and without the knowledge or assent of the surety? This is perhaps the first occasion on which this Court has been called on to decide the question, as to the release of the surety in the precise form in which it has just been stated; but the doctrine involved has been discussed and analysed in many cases, in this and other courts, and the plain principle to be deduced from these discussions and decisions is, that the surety is released, when by an arrangement between the creditor and principal debtor, without his consent, his right to compel the creditor to the immediate coercion of the debt from the principal, or what is the same thing in effect, his right to make immediate payment to the creditor and in his name and right to coerce payment from the principal debtor is impaired, and that he is, in such cases, released, because his right, as above specified, is impaired by the arrangement, when the creditor is thereby precluded from immediately coercing the debt: *Cooper and wife* vs *Fisher and Smith,* 7 *J. J. Marsh.* 396; *Sneed's executor* vs *White,* 3 *J. J. Marsh.* 527; *Kirk* vs *Baldwin,* 2 *John. Chy. Rep.* 556, *and cases there cited; McLemore* vs *Powell,* 12 *Wheaton,* 554; *Norton, &c.* vs *Robertson,* 4 *Mon.* 491; *Robertson* vs *Offutt,* 7 *Mon.* 540.

Could the creditor then, in this case, notwithstanding the verbal arrangement supposed in the question above stated, have resorted to the immediate legal coercion of the debt whenever after it became due the surety should have required him to do so? We are decidedly of opinion that he could, and that the arrangement or the assent to the requested indulgence would not only not have constituted any legal bar to such immediate coercion (which we do not decide to be essential,) but that it would not, either in equity or in good conscience, present any obstacle to an immediate call and suit for the debt, at the requisition of the surety, and when the failure to sue might

discharge the surety and jeopard the entire demand. For the fair presumption would be that such an assent to the indulgence requested, being given from mere motives of benevolence, without consideration or prospect of advantage to the creditor, was intended for the benefit of the surety as well as of the principal, and was founded on his *presumed* assent, and that, therefore, whenever he should, in fact, dissent and claim his rights under the contract, the creditor would be free from every obligation which could arise from an assent purely gratuitous and benevolent, and founded upon the presumption of a fact which, as afterwards ascertained, did not exist.

The consequence of this view is, that the right of the surety not being actually impaired to any extent by the arrangement or assent supposed, he is not released upon the ground of the equitable principle which has been assumed as deducible from the cases; and indeed, it being admitted on all sides and in all the cases, that mere delay to coerce the debt, without any words expressing an intention or assent to give delay for a particular period, would not release the surety; it seems obvious that to decide that the mere verbal expression of such intention or assent, without consideration or new security of any kind, would be effectual to discharge the surety and perhaps with the loss of the debt, would be giving a consequence to the very slight shadowy distinction which might be drawn between the cases, wholly disproportioned to any actual and substantial difference between them. All the cases above cited, except the two last, we regard as strong and almost direct authorities in favor of the conclusion to which we have come in this particular case, and the two last cases, when properly considered, do not, as we think, essentially contradict it. It is only deemed necessary to add, in this case, that in our opinion the proviso to the 8th section of the act of February 2, 1837, (*Sess. Acts p.* 106,) does not apply to this case, but only to cases in which the jurisdiction of the Court is founded upon the right of subjecting property or debts, &c. of a non-resident, and the jurisdiction to decree in this case, is unaffected by the said proviso.

BRINAGAR'S AD'R
*vs*
PHILLIPS, &c.

A surety in a bond is not released by "the mere verbal assent of the obligee to give indulgence for a specified time, at the request of the principal without any consideration, real or apparent, without any new security taken or even contemplated, tho' without the knowledge of the surety."

Wherefore, the decree is reversed and the cause remanded with directions to render a decree in favor of. the complainants for the amount of the demand set up in the bill, with interest, &c.

*Thruston* for plaintiff: *Loughborough* for defendants.